# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff(s),<br><br>-vs-<br><br>ROYAL CORPORATION, INC. d/b/a ROYAL MOTEL, LTD; MARK DABROWSKI, RASHEED POWELL, SUSAN TEIXEIRA and RODRIGO CAVALLARI<br><br>Defendant(s). | Civil Action No.<br><br><br>**COMPLAINT<br>AND JURY DEMAND** |

Plaintiff, Atain Specialty Insurance Company (hereinafter "Atain"), by way of Complaint against the defendants, says:

## PARTIES

1. At all times hereinafter mentioned, Atain is now and was at the commencement of this action incorporated in the State of Michigan with its principal place of business located at 220 Kaufman Financial Center, 30833 Northwestern Highway, City of Farmington Hills, State of Michigan, and is a citizen of the State of Michigan.

2. At all times hereinafter mentioned, defendant, Royal Corporation, Inc., d/b/a Royal Motel, LTD, (hereinafter "Royal"), is a New Jersey Corporation with its

{01314968}

principal place of business located at 511 Spring Street, City of Elizabeth, State of New Jersey, and is a citizen of New Jersey.

3. At all times hereinafter mentioned, defendant, Mark Dabrowski, (hereinafter "Dabrowski"), resides at 511 Spring Street, City of Elizabeth, State of New Jersey, and is a citizen of New Jersey.

4. At all times hereinafter mentioned, defendant, Rasheed Powell, a.k.a Rashid Powell, has been incarcerated since April 20, 2012, as an inmate in the Union County Correctional Facility, City of Elizabeth, State of New Jersey, and is a citizen of New Jersey.

5. At all times hereinafter mentioned, defendant, Susan Teixeira, resides at 27 Clover Street, City of Newark, State of New Jersey, and is a citizen of New Jersey.

6. At all times hereinafter mentioned, defendant, Rodrigo Cavallari, resides at 210 Van Buren Street, City of Newark, State of New Jersey, and is a citizen of New Jersey.

**JURISDICTION**

7. The United States District Court has original jurisdiction over the subject matter of said civil action under 28 U.S.C. § 1332(a) in that this is an action where the amount in controversy exceeds the sum of $75,000 exclusive of interests and costs and there is complete diversity of citizenship between the plaintiff and the defendants.

8. This is an action brought pursuant to the Declaratory Judgment Act 28 U.S.C. § 2201 et seq., and there is an actual case and controversy between the parties requiring adjudication by the Court.

9. Venue is proper within this jurisdiction pursuant to 28 U.S.C. §1391(a) because, upon information and belief, one on more of each of the defendants reside or is incorporated and has its principal place of business in this judicial district.

## THE UNDERLYING CLAIM

10. The defendants Susan Teixiera and Rodrigo Cavallari allege that on or about March 8, 2012, they checked into a motel known as the Royal Motel, located at 511 Spring St., Elizabeth, NJ

11. The Royal Motel is owned and operated by the defendant, Royal Corporation, Inc., and its principal, the defendant Mark Dabrowski.

12. The defendants Susan Teixiera and Rodrigo Cavallari allege that on March 8, 2012, they were accosted by a man with a gun later identified as defendant Rasheed Powell.

13. The defendants Susan Teixiera and Rodrigo Cavallari allege that they were confined against their will, and subjected to assault, battery, sexual assault, and rape at the hands of defendant Powell.

{01314968}

## THE INSURANCE POLICY

14. Plaintiff, Atain Specialty Insurance Co., issued its policy of general liability insurance to "Royal Corp. D/B/A/ Royal Motel" as "named insured", as a corporation under policy No. CIP111796 for the policy period of February 16, 2012 through February 16, 2013. A true copy of the policy is attached as Exhibit A.

15. 511 Spring St. Elizabeth, NJ is identified as Location No. 1 on the schedule of premises owned by the named insured.

16. The pertinent portions of the policy provide the following:

**SECTION I – COVERAGES**

**COVERAGE A: BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. Insuring Agreement

   a. We will pay those sums that the Insured becomes legally obligated to pay as damages because of "bodily injury" or property damage" to which this insurance applies. We will have the right and duty to defend the Insured against any "suit" seeking those damages. However, we will have no duty to defend the Insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. …

   b. This insurance applies to "bodily injury" and "property damage" only if:

      (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

4

{01314968}

  (2) The "bodily injury" or "property damage" occurs during the policy period; and

  (3) Prior to the policy period, no insured listed under Paragraph 1 of Section II – Who is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

 c. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any Insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

 d. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II – Who is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

  (1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

  (2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

5

{01314968}

  (3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

"Bodily Injury" means "bodily injury sickness or disease sustained by a person, including death resulting from any of these at any time."

2. EXCLUSIONS

This insurance does not apply to:

 a. Expected or Intended Injury, "Bodily Injury" or "Property Damage" expected or intended from the standpoint of the insured. This Exclusion does not apply to "Bodily Injury" resulting from the use of reasonable force to protect personal property.

17. The following pertinent endorsement is appended to the policy:

ENDORSEMENT

USF 001 007 (09/10)

This Endorsement Changes The Policy – Please Read It Carefully.
* * *

IX.  ASSAULT AND BATTERY EXCLUSION

 This insurance does not apply under coverage A Bodily Injury...and Coverage B Personal and Advertising Injury Liability arising from:

1. Assault and Battery committed by any insured, any employee of any insured, or any other person;

2. The failure to suppress or prevent Assault and Battery by any person in 1. above;

3. Resulting from or allegedly related to the negligent hiring, supervision or training of any employee of the insured; or

4. Assault or Battery, whether or not caused by or arising out of negligent, reckless or wanton conduct of the Insured, the Insured's employees, patrons or other persons lawfully or otherwise on, at or near the premises owned or occupied by the Insured or by any other person.

### VII PHYSICAL-SEXUAL ABUSE EXCLUSION

This insurance does not apply to any "occurrence", suit, liability, claim, demand or causes of action arising out of or resulting from the physical abuse, sexual abuse or licentious, immoral or sexual behavior intended to lead to, or culminating in any sexual act, whether caused by or at the instigation of, or at the direction of or omission by:

a. The insured or the insured's employees;
b. Patrons of the insureds business
c. Agents of the Insured...

### PROPERTY ENTRUSTED EXCLUSION

...this insurance does not apply to "property damage" to property of others:

2. On premises owned by or rented to you...

### **THE NOTICE OF DENIAL AND DISCLAIMER OF COVERAGE DATED MAY 23, 2012**

18.  In response to notification of the incident, Atain conducted an insurance coverage investigation based upon the known facts at that time, and the results of

7

{01314968}

Atain's investigation, Atain issued to defendants Royal and Dabrowski a Notice of Denial and Disclaimer of Coverage, dated May 23, 2012.

19. The May 23, 2012 Notice of Denial and Disclaimer of Coverage advised defendants Royal and Dabrowski that there was no coverage for the claims asserted by defendants Susan Teixiera and Rodrigo Cavallari because of the application of the Assault & Battery Exclusion added by endorsement USF 001 007 (09/10).

20. The May 23, 2012 Notice of Denial and Disclaimer of Coverage further advised defendants Royal and Dabrowski that Atain reserved its right to assert additional basis for disclaimer should more facts be disclosed indicating that no coverage was available.

## THE LITIGATION MATTER

21. On or about April 7, 2014, approximately two years after Atain's May 23, 2012 Notice of Denial & Disclaimer of Insurance Coverage, the defendants Susan Teixeira and Rodrigo Cavallari, jointly filed a personal injury lawsuit in the New Jersey Superior Court, Essex County, captioned <u>Susan Teixeira, and Rodrigo Cavallari v. Royal Corporation Inc., d/b/a Royal Motel. Mark Dabrowski, Rashid Powell, and ABC Corporations 1-10.</u> Docket No. ESX-L-2443-14. (The "Litigation Matter"). A true copy of the Litigation Matter is attached as Exhibit B.

22. It is alleged in the Litigation Matter that Royal and its principal, Dabrowski, were negligent in failing to provide for and maintain adequate security measures for the premises despite actual knowledge of a potential for assault.

23. It is further alleged in the Litigation Matter that Royal and its principal Dabrowski, negligently failed to hire, supervise, and properly train motel employees resulting in a heightened risk of danger to Royal's patrons.

24. It is further alleged in the Litigation Matter that Royal and its owner Dabrowski, entered into a contract for peaceful use of the premises that were reasonably safe for guests, and that Royal and its principal, Dabrowski, failed to provide a reasonably safe premises in breach of that agreement.

25. It is further alleged in the Litigation Matter that Royal and its principal Dabrowski acted in bad faith by leasing a room in a dangerous location and in inducing the Plaintiff's to rent the room by misrepresenting that the security gate to the premises was functional.

26. It is further alleged in the Litigation Matter that Susan Teixiera and Rodrigo Cavallari were held against their will at gunpoint, and that Royal and its principal, Dabrowski are responsible for that outcome.

27. It is further alleged in the Litigation Matter that Susan Teixiera and Rodrigo Cavallari were assaulted by defendant Powell, and that Royal and its principal, Dabrowski, are responsible for that outcome.

{01314968}

28. It is further alleged in the Litigation Matter that Susan Teixiera and Rodrigo Cavallari were harassed by the defendant Powell, by rude and vulgar remarks designed to humiliate them and cause them mental anguish.

29. It is further alleged in the Litigation Matter that defendant Powell's conduct at the time of the incident was intended to and did cause severe emotional distress.

30. It is further alleged in the Litigation Matter that defendant Powell's conduct at the time of the incident caused severe emotional distress.

31. It is further alleged in the Litigation Matter that defendant invaded the privacy of Susan Teixiera and Rodrigo Cavallari's room, and that Royal and its principal, Dabrowski, are responsible for that outcome due to their negligent acts.

32. It is further alleged in the Litigation Matter that defendant Powell stole multiple personal items and money from Susan Teixiera and Rodrigo Cavallari. It is further alleged that Royal and its principal Dabrowski are responsible for that outcome due to their negligent acts.

33. It is further alleged in the Litigation Matter that Susan Teixiera and Rodrigo Cavallari, were severely injured and suffered damages as a result of the incident and they seek both compensatory damages and punitive, damages against Royal and its principal, Dabrowski.

34. The pleadings in the Litigation Matter were dismissed without prejudice, while the parties await the outcome of the criminal charges filed against defendant Powell.

## THE SECOND NOTICE OF DENIAL AND DISCLAIMER OF COVERAGE DATED SEPTEMBER 19, 2014

35. In response to notification of the Litigation Matter, Atain re-opened its claim and conducted a further insurance coverage investigation, and based upon that investigation Atain issued to defendants Royal and Dabrowski a Second Notice of Denial and Disclaimer of Coverage, dated September 19, 2014.

36. The September 19, 2014 Second Notice of Denial and Disclaimer of Coverage advised defendants Royal and Dabrowski that there was no coverage for the claims asserted by defendants Susan Teixiera and Rodrigo Cavallari in the Litigation Matter because:

  a. The claims in the Litigation Matter for breach of contract do not allege an "occurrence" as that term is defined by the policy and there is no insurance coverage.

  b. The claims in the Litigation Matter for Misrepresentation do not allege an "occurrence" as that term is defined by the policy and there is no insurance coverage.

  c. The claims in the Litigation Matter for Bad Faith do not allege an "occurrence" as that term is defined by the policy and there is no insurance coverage for same.

  d. The claims in the Litigation Matter for Assault do not allege an "occurrence" as that term is defined by the policy and are otherwise

11

{01314968}

excluded by direct operation of Exclusion 1 ("Expected or Intended Injury") under Coverage A  and there is no insurance coverage.

e. The claims in the Litigation Matter for invasion of privacy committed by a third party are not claims for "personal and advertising injury" as that term is defined by the policy and there is no insurance coverage.

f. The claims in the Litigation Matter for Harassment do not allege "bodily injury" or "property damage" as those terms are defined by the policy and are otherwise excluded by direct operation of Exclusion 1 ("Expected or Intended Injury") under Coverage A  and there is no insurance coverage.

g. The claims asserted in the Litigation Matter are excluded by direct operation of the "Assault & Battery Exclusion" and there is no insurance coverage.

h. The claims asserted in the Litigation Matter are excluded by direct operation of the "Physical-Sexual Abuse Exclusion" and there is no insurance coverage.

i. The claims asserted in the Litigation Matter are excluded by direct operation of the Property Entrusted Exclusion and there is no insurance coverage.

j. It is against the public policy of the State of New Jersey to insure for fines, punitive and or exemplary damages, and there is no coverage for same.

## **FIRST CAUSE OF ACTION**

37. The Plaintiff repeats and realleges each of the allegations set forth in the prior paragraphs as if set forth at length herein.

38. The allegations of breach of contract, misrepresentation, bad faith, harassment, and invasion of privacy asserted against defendants Royal & Dabrowski by

12

{01314968}

defendants Teixiera and Rodrigo Cavallari do not assert a claim for damages because of "bodily injury" arising from an "occurrence" as those terms are defined by the Atain policy, and thus do not trigger the Atain policy insuring agreement.

**WHEREFORE**, Atain seeks a judgment ordering, declaring and adjudicating that:

a. Atain is not obligated to defend or indemnify defendants Royal & Dabrowski for any past or future claims asserted against them by defendants Susan Teixiera and Rodrigo Cavallari and arising out of the March 8, 2012 incident.

b. Such other, different and further relief as the Court may deem just and proper.

## SECOND CAUSE OF ACTION

### Coverage A, Exclusion 2(a) ("Expected or Intended Injury")

39. The Plaintiff repeats and realleges each of the allegations set forth in the prior paragraphs as if set forth at length herein.

40. The allegations asserted against defendants Royal & Dabrowski by defendants Susan Teixiera and Rodrigo Cavallari allege damages for injury either expected or intended by the insureds, and insurance coverage for such damages is excluded by operation of the exclusion, Coverage A, Exclusion 2(a) "Expected or Intended Injury."

**WHEREFORE**, Atain seeks a judgment ordering, declaring and adjudicating that:

{01314968}

a. Atain is not obligated to defend or indemnify defendants Royal & Dabrowski for any past or future claims asserted against them by defendants Susan Teixiera and Rodrigo Cavallari and arising out of the March 8, 2012 incident.

b. Such other, different and further relief as the Court may deem just and proper.

### THIRD CAUSE OF ACTION

### Coverage A, Exclusion 2(b) ("Contractual Liability")

41. The Plaintiff repeats and realleges each of the allegations set forth in the prior paragraphs as if set forth at length herein.

42. The allegations asserted against defendants Royal & Dabrowski allege damages for breach of contract, and insurance coverage for such damages is excluded by operation of the exclusion, Coverage A, Exclusion 2(b) "Contractual Liability."

**WHEREFORE**, Atain seeks a judgment ordering, declaring and adjudicating that:

a. Atain is not obligated to defend or indemnify defendants Royal & Dabrowski for any past or future claims asserted against them by defendants Susan Teixiera and Rodrigo Cavallari and arising out of the March 8, 2012 incident.

b. Such other, different and further relief as the Court may deem just and proper.

### FOURTH CAUSE OF ACTION

### Exclusionary Endorsement "Assault & Battery"

43. The plaintiff repeats and realleges each of the allegations set forth in the prior paragraphs as if set forth at length herein.

44. The allegations of damage asserted against defendants Royal & Dabrowski by defendants Susan Teixiera and Rodrigo Cavallari allege damages because of assault and battery, and insurance coverage for such damages is excluded by direct application of the Exclusionary Endorsement for Assault & Battery.

**WHEREFORE**, Atain seeks a judgment ordering, declaring and adjudicating that:

a. Atain is not obligated to defend or indemnify defendants Royal & Dabrowski for any past or future claims asserted against them by defendants Susan Teixiera and Rodrigo Cavallari and arising out of the March 8, 2012 incident.

b. Such other, different and further relief as the Court may deem just and proper.

**FIFTH CAUSE OF ACTION**

**Exclusionary Endorsement, "Physical-Sexual Abuse"**

45. The plaintiff repeats and realleges each of the allegations set forth in the prior paragraphs as if set forth at length herein.

46. The allegations of damage asserted against defendants Royal & Dabrowski by defendants Susan Teixiera and Rodrigo Cavallari allege damages because of

Physical-Sexual Abuse, and insurance coverage for such damages is excluded by direct application of the Exclusionary Endorsement for Physical-Sexual Abuse.

**WHEREFORE**, Atain seeks a judgment ordering, declaring and adjudicating that:

a. Atain is not obligated to defend or indemnify defendants Royal & Dabrowski for any past or future claims asserted against them by defendants Susan Teixiera and Rodrigo Cavallari and arising out of the March 8, 2012 incident.

b. Such other, different and further relief as the Court may deem just and proper.

## SIXTH CAUSE OF ACTION

### Exclusionary Endorsement "Property Entrusted"

47. The plaintiff repeats and realleges each of the allegations set forth in the prior paragraphs as if set forth at length herein.

48. The allegations of damage asserted against defendants Royal & Dabrowski by defendants Susan Teixiera and Rodrigo Cavallari allege damages and/or loss of use of property entrusted to defendants Royal & Dabrowski, and insurance coverage for such damages is excluded by direct application of the Exclusionary Endorsement for Property Entrusted.

**WHEREFORE**, Atain seeks a judgment ordering, declaring and adjudicating that:

{01314968}

      a.      Atain is not obligated to defend or indemnify defendants Royal & Dabrowski for any past or future claims asserted against them by defendants Susan Teixiera and Rodrigo Cavallari and arising out of the March 8, 2012 incident.

      b.      Such other, different and further relief as the Court may deem just and proper.

## SEVENTH CAUSE OF ACTION

### Punitive Damages

49.      The plaintiff repeats and realleges each of the allegations set forth in the prior paragraphs as if set forth at length herein.

50.      The allegations of damage asserted against defendants Royal & Dabrowski by defendants Susan Teixiera and Rodrigo Cavallari seek punitive and exemplary damages, and it is against public policy of the state of New Jersey to provide insurance coverage for such damages.

**WHEREFORE**, Atain seeks a judgment ordering, declaring and adjudicating that:

      a.      Atain is not obligated to defend or indemnify defendants Royal & Dabrowski for any past or future claims asserted against them for punitive and /or exemplary damages, by defendants Susan Teixiera and Rodrigo Cavallari and arising out of the March 8, 2012 incident.

      b.      Such other, different and further relief as the Court may deem just and proper.

## EIGHTH CAUSE OF ACTION

## Interested Parties

51. The plaintiff repeats and realleges each of the allegations set forth in the prior paragraphs as if set forth at length herein.

52. The defendants Susan Teixiera, Rodrigo Cavallari, and Rasheed Powell are joined herein as defendants in order that they are bound by the Judgment of this Court as they have an interest in the presence or absence of insurance coverage for the defendants Royal & Dabrowski for claims arising out of the March 8, 2012 incident.

**WHEREFORE**, Atain seeks a judgment ordering, declaring and adjudicating that:

a. Atain is not obligated to defend or indemnify defendants Royal & Dabrowski for any past or future claims asserted against them by defendants Susan Teixiera and Rodrigo Cavallari and arising out of the March 8, 2012 incident.

b. Such other, different and further relief as the Court may deem just and proper.

## JURY DEMAND

The plaintiff herein demands a trial by jury.

{01314968}

Dated: July 11, 2017				**MORGAN MELHUISH ABRUTYN**


				By:	_____*/s/ Joseph DeDonato*_____
					JOSEPH DeDONATO, ESQ. (JDD 7319)
					651 Old Mt. Pleasant Avenue, Suite 200
					Livingston, New Jersey 07039
					(973) 994-2500
					Attorneys for Plaintiff,
					Atain Specialty Insurance Company

{01314968}